Mark Allen ZIMMERLEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–89–029–CR.

Court of Appeals of Texas,
Beaumont.

Aug. 31, 1989.

William F. Griffin, Conroe, for appellant.

Thomas D. Glenn, Conroe, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of driving while intoxicated—subsequent offense. He pleaded true to the enhancement paragraphs of the indictment which alleged non-DWI offenses, and the court assessed punishment at twenty-five years in the Texas Department of Corrections. Appellant perfected this appeal urging in a single point of error the verdict is contrary to the evidence.

Appellant argues a variance between the dates of the prior DWI convictions alleged in the indictment and the evidence presented at trial renders the evidence insufficient to sustain the conviction.

The indictment read, in pertinent part, as follows:

> [P]rior to the commission of the aforesaid offense the said Defendant was convicted of the offense of Driving While Intoxicated at least two times, namely: 1. On the 15th day of March, 1986, in Cause No. 445159 in the 228th District Court of Harris County, Texas. 2. On the 29th day of September, 1985, in Cause No. 856171 in the County Court at Law No. 5 of Harris County, Texas. . . .

At trial the state introduced exhibits which reflect appellant was convicted on April 4, 1986, in Cause No. 445159 in the 228th District Court of Harris County, Texas, of an offense which occurred on March 15, 1986, and also convicted on September 30, 1985, in Cause No. 856171 in the County Court at Law No. 5 of Harris County, Texas, of an offense which occurred on September 29, 1985.

Allegations of prior convictions for enhancement need not be alleged with the same particularity as charging of the original offense. *Watson v. State*, 605 S.W.2d 877, 883 (Tex.Crim.App.1979). The variance between the indictment and the evidence must be material. *Plessinger v. State*, 536 S.W.2d 380 (Tex.Crim.App.1976). To be material the variance must be such as to surprise or mislead the party to his prejudice. *Freda v. State*, 704 S.W.2d 41 (Tex.Crim.App.1986). The purpose of the enhancement allegations is to provide the accused with notice of the prior conviction to be relied on and avoid surprise. *Cole v. State*, 611 S.W.2d 79 (Tex.Crim.App.1981). The proof reveals the necessary succession of offense and final conviction. *See Brown v. State*, 692 S.W.2d 146 (Tex.App.–Houston [1st Dist.] 1985), *aff'd on other grounds*, 757 S.W.2d 739 (Tex.Crim.App. 1988). Appellant does not contend he was surprised, mislead to his prejudice, or harmed in any manner by the dates stated on the indictments. *See, Vasquez v. State*, 756 S.W.2d 830 (Tex.App.–Corpus Christi 1988, no pet.); *Selvage v. State*, 737 S.W.2d 128 (Tex.App.–San Antonio 1987, pet. ref'd).

Any variance between the indictment and the proof of the prior convictions was not misleading and was harmless. We overrule the point of error and affirm the judgment.

AFFIRMED.