**Renauldo DeVALENTINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–01157–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 21, 1991.

John J. Browne, Houston, for appellant.

Jim Mapel, Brazoria Co. Criminal Dist. Atty., Jerome Aldrich, Asst. Dist. Atty., for appellee.

Before SAM BASS, MIRABAL and DUNN, JJ.

## OPINION

DUNN, Justice.

A jury found appellant, Renauldo DeValentino, guilty of aggravated assault and assessed punishment, enhanced by one prior felony conviction, at two years confinement.

During voir dire examination, appellant requested hybrid representation. The court denied the request. Appellant then stated he was willing to represent himself without aid of counsel. The court did not allow appellant to expand on his request, nor did it determine whether appellant was knowingly and intelligently seeking self-representation. The court denied self-representation:

COURT: Let me point this out: There's a provision that if you're able to make a competent waiver of your attorney and to represent yourself, but the law does not permit you to change counsel in the middle of trial, nor does it permit you, in any other way, to disrupt the trial in this manner by your request. This is the first time this has been brought up, for the record, and that's overruled.

Voir dire then continued, after which a jury was empaneled.

In his sole point of error, appellant contends that he was denied the right to self-representation in violation of U.S. CONST. amend. VI and TEX. CONST. art. I, § 10.

The sixth amendment grants an accused the right of self-representation. *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). After being made aware of the "dangers and disadvantages of self-representation," an accused may choose to represent himself if he does so knowingly and intelligently. *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. However, an accused cannot request self-representation to obstruct the "orderly procedure in the courts or to interfere with the fair administration of justice." *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim.App.1984). A trial court may properly deny a request for self-representation if the record indicates that the request was made for delay, that granting the request would have resulted in delay, or that the request was denied because it would result in delay. *See Johnson v. State*, 676 S.W.2d 416, 420 (Tex.Crim.App.1984) (nothing in record indicates that if appellant had been allowed to represent himself, the proceedings would have been disrupted); *Blankenship*, 673 S.W.2d at 585 (no suggestion that appellant's assertion of right to self-representation was made for delay, that it would

have resulted in delay, or that the trial court denied his request because it would have resulted in delay).

In the present case, appellant stated he was willing to represent himself without aid of counsel. Appellant's request was made during voir dire, before the jury was empaneled as in *Blankenship*, 673 S.W.2d at 585. In addition, nothing in the record indicates that his request was made for the purpose of delay, would have resulted in delay, or was denied because of delay. Therefore, the trial court erred in failing to explore whether appellant was knowingly and intelligently requesting self-representation and in denying appellant's right to self-representation guaranteed by U.S. CONST. amend. VI.

We do not address appellant's arguments under the Texas Constitution due to the disposition of his arguments under the United States Constitution.

We sustain appellant's sole point of error. We reverse the judgment and remand the cause for a new trial.