**Reynaldo Ortiz LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–120–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 28, 1991.

Evelyn Huerta, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and HINOJOSA and SEERDEN, JJ.

## OPINION

HINOJOSA, Justice.

Appellant, Reynaldo Lopez, was found guilty by a jury of driving while intoxicated, third offense. *See* Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1 (Vernon 1987). His punishment was assessed at five years in the state penitentiary and a $2,000.00 fine. This sentence is the maximum allowed for a third DWI conviction. *Id.* at § (e). By three points of error he appeals his conviction.

The State's first witness, Officer George Elizondo, testified that on July 21, 1989, he observed a car speeding on Texas Highway 44 west of Robstown. Two men were in

the car. He turned on his lights and pulled it over. When the car stopped, Elizondo saw appellant move quickly from the driver's seat to the rear seat. The car then started moving forward. Elizondo ordered the passenger to steer it to the roadside and exit the car.

Elizondo testified that he found appellant lying in the rear seat of the vehicle pretending to be asleep. With some effort, Elizondo got appellant out of the vehicle. It was apparent that appellant was intoxicated. He was arrested and taken to jail.

Officer Ray Ramon, who arrested appellant for DWI on an earlier occasion, testified that appellant previously attempted this same ruse. Appellant was arrested and convicted of DWI on that earlier incident.

Appellant testified that he was asleep in the rear seat of the vehicle, and that his brother, the passenger, was driving. His brother backed up this story by testifying that he, and not appellant, was driving. Appellant pleaded guilty to driving without a license; however, he challenges his conviction for driving while intoxicated.

■ By appellant's first point of error he complains that the evidence was insufficient to sustain the jury verdict against him on the charge of driving while intoxicated. Specifically, he argues that there was insufficient evidence to establish that he was either intoxicated or driving. In reviewing the sufficiency of the evidence, an appellate court views all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State*, 746 S.W.2d 747, 750 (Tex. Crim.App.1988); *Nieto v. State*, 767 S.W.2d 905, 908 (Tex.App.—Corpus Christi 1989, no pet.); *Arguijo v. State*, 738 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1987, no pet.).

■ The evidence conflicted regarding whether appellant was intoxicated or driving. Elizondo testified that he smelled alcohol on appellant's breath and that he was very unsteady on his feet and had poor balance. His eyes were bloodshot. In Elizondo's opinion appellant was intoxicated. Elizondo had many years of experience as an arresting officer, and, in fact, had received special training in identifying intoxicated persons.

Appellant testified that he did not drink anything that night, although he admitted he had taken some pain medication. No field sobriety test was performed. Appellant refused an intoxilizer test. He did submit to a videotape.

Although the evidence was conflicting, we hold that the evidence was sufficient to sustain the jury's finding that appellant was intoxicated. *Massie v. State*, 744 S.W.2d 314, 316 (Tex.App.—Dallas 1988, pet. ref'd).

■ Appellant also argues that there was insufficient evidence to establish that he was the driver. Elizondo testified that he saw appellant jump from the driver's seat to the back seat. Moreover, Elizondo testified that appellant's brother stated at the time of the arrest that appellant was driving. Appellant and his brother testified that appellant was sleeping in the back seat, and not driving. We hold that this evidence was sufficient to uphold the jury's finding that appellant was the driver. Appellant's first point of error is overruled.

■ By appellant's second point of error he complains that the evidence is insufficient to establish two prior convictions for enhancement purposes. He first argues that the evidence is insufficient to establish that he was the same person convicted in the previous judgments entered into evidence. In the indictment the state alleged that appellant had been convicted in the County Court of San Patricio County of driving while intoxicated in cause numbers 28530 on September 19, 1986, and 27354 on February 2, 1988. Certified copies of two judgments were entered into evidence, as was appellant's driving record from the DPS.

In *White v. State*, 634 S.W.2d 81 (Tex. App.—Austin 1982, no pet.) (per curiam), appellant was convicted of DWI, subsequent offense. The State offered into evi-

dence a prior judgment with appellant's full name. Appellant made no objection. The cause number was the same as alleged in the indictment. In reversing the conviction, the court held that a prior judgment alone is insufficient to adequately identify the accused appellant as the same person previously convicted.

In contrast, there was evidence here that appellant was the person named in the prior judgments. The officer testified that upon arrest he called in a driver's license check by appellant's name and date of birth. Radio communications called back with appellant's full name, date of birth, physical description, and driver's license number 08893888.

The State admitted a driving record, which was certified and under seal. It indicated that license number 08893888 was issued to Reynaldo Ortiz Lopez, a male with green eyes, born on August 23, 1958, living at 211 West Guile, Aransas Pass, Texas, 78336. The driving record indicated that Reynaldo Ortiz Lopez was convicted of driving while intoxicated in the County Court of San Patricio County on at least two occasions including:

1) cause number 27354, date of offense 10–27–85, date of conviction 2–2–88; and

2) cause number 28530, date of offense, 9–6–86, date of conviction 9–19–86.

The judgments of conviction in these two offenses were entered into evidence. We hold that this evidence was sufficient to establish that appellant was the Reynaldo Ortiz Lopez named in the driving record and the judgments. *See Olson v. State*, 505 S.W.2d 895, 897 (Tex.Crim.App.1974).

■ Appellant also complains in this multifarious point of error of a variance between the proof and the indictment. The indictment alleged that his conviction in cause number 27354 was dated February 2, 1988. Appellant argues that the proof showed that the date of the conviction was October 1, 1986.

Even if appellant was correct we would not reverse because the information in the indictment provides sufficient notice of the prior conviction to appellant. *See Zimmerlee v. State*, 777 S.W.2d 791, 792 (Tex.App.

—Beaumont 1989, no pet.). Nevertheless, we address this issue.

■ The judgment does indeed indicate that appellant was convicted of this offense on October 1, 1986; however, it also indicates that appellant was placed on probation. Another record in the same exhibit indicates that appellant remained on probation until February 2, 1988. On that date probation was revoked because appellant violated the terms of his probation. Thus, appellant's conviction on October 1, 1986 became final on February 2, 1988. These two convictions are identical. We hold the evidence sufficient to uphold the jury's finding of appellant's prior conviction in cause number 27354.

■ By appellant's third point of error he complains that the indictment as read to the jury was different than the indictment returned by the grand jury. As explained above, the date of the conviction was February 2, 1988. The date of the conviction on the indictment was February 2, 1988; however, the date of conviction as read to the jury was February 2, 1986. The charge stated the correct date of February 2, 1988. No objection was made.

We have not found any cases which deal with this exact question; however, there is analogous authority. If there is a non-material defect in an indictment and no objection is made, the Court of Criminal Appeals has refused to reverse a conviction. *McNeal v. State*, 600 S.W.2d 807, 808 (Tex. Crim.App.1980) (misspelled name); *Ablon v. State*, 537 S.W.2d 267, 269 (Tex.Crim. App.1976) (misspelled word). If this error appeared in the indictment without requiring reversal, then it should not require reversal here. This type of error has not resulted in the reversal of a conviction without some showing of prejudice. No prejudice being shown, we hold the misspoken date presents no reversible error.

Appellant's third point of error is overruled and his conviction is AFFIRMED.