IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-414-CR





EDWARD KELLER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0915158, HONORABLE BOB JONES, JUDGE PRESIDING



 




 Appellant Edward Keller was charged with the felony offense of driving a motor
vehicle while intoxicated. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1(e) (West Supp. 1994). The
indictment alleged the primary offense and four prior convictions for driving while intoxicated. 
The jury found appellant guilty and assessed his punishment at five years' imprisonment and a fine
of $2,000. In pronouncing sentence, the trial court entered a cumulation order "stacking" the
sentence on sentences from a conviction in Galveston County and a conviction in Harris County.

 Appellant advances eleven points of error. Appellant claims that the trial court
erred in failing to conduct an inquiry into his right to self-representation, erred in refusing to
allow him to accept the State's plea bargain offer, and fundamentally erred in allowing the
enhancement paragraphs of the indictment to be read to the jury at the guilt/innocence stage of the
bifurcated trial. Additionally, appellant challenges the sufficiency of the evidence to sustain the
conviction in that the State proved only one prior conviction alleged, not two as required by
statute. Lastly, in three points of error, appellant attacks the cumulation order stacking sentences
as being improper.

 In points of error one and three, appellant urges that the trial court erred in failing
to make inquiry into whether he was entitled to self-representation in violation of federal and state
constitutional provisions. See U.S. Const. VI & XIV; Tex. Const. art. I, § 10. A defendant in
a state criminal trial has the independent right under the Sixth and Fourteenth Amendments to the
United States Constitution to proceed without counsel, represent himself, and prepare his own
defense if he elects to do so. Faretta v. California, 422 U.S. 806, 816 (1975); Hathorn v. State,
848 S.W.2d 101, 123 (Tex. Crim. App. 1992), cert. denied, 113 S. Ct. 3062 (1993); Ex parte
Winton, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992); Burton v. State, 634 S.W.2d 692, 694
(Tex. Crim. App. 1984). A defendant's right to self-representation does not attach unless it is
clearly and unequivocally asserted. Faretta, 422 U.S. at 835; Brown v. Wainright, 665 F.2d 607,
610 (5th Cir. 1982); Hathorn, 848 S.W.2d at 123; Scarbrough v. State, 777 S.W.2d 83, 92 (Tex.
Crim. App. 1989); Funderberg v. State, 717 S.W.2d 83, 92 (Tex. Crim. App. 1986); Foster v.
State, 871 S.W.2d 390, 392 (Tex. App.--Beaumont 1991, no pet.); Nelson v. State, 810 S.W.2d
753, 754 (Tex. App.--Dallas 1992, pet. ref'd). 

 We have examined the record and do not find any request by appellant to represent
himself, much less a clear and unequivocal assertion of his right. Examining the record pages
designated in appellant's brief, we find remarks like "What about my request for another
attorney?", "I need an attorney, Your Honor. I don't have anybody representing me
accordingly," "I've asked for a proper counsel and I'm not getting one," "You all are not giving
me proper counsel," and "Isn't it my constitutional choice to choose my attorney?" All these
requests were for a change of counsel (1) not a request to exercise his right tp self-representation. 
 After appellant's plea of not guilty, a jury panel was voir dired. Thereafter, it
appears that appellant sought to enter a plea of guilty. During the admonishment by the trial
court, appellant, in response to the court's question, stated he was not satisfied with his counsel's
representation. The record then reflects:



 THE COURT: Fine. You tell me what he has not done that you asked him
to do.


 THE DEFENDANT: I want to plead guilty and do my time and that's it,
you know.


 THE COURT: No, my question is: He has been here, he has prepared and
he has gone and selected the jury. Tell me what it is, specifically, that you are not
satisfied with? If you are not going to enter a plea here, we will go forward and
have this jury. Are you - - -


 THE DEFENDANT: I'm willing to enter a plea, Your Honor, of guilty.


 THE COURT: No sir. That's not my question. My question is: Are you
satisfied with his representation in this plea of guilty?


 THE DEFENDANT: I made -- I talked to the DA here and made the deal. 
That's what I did. I didn't talk to Eric Rosen [defense counsel] about this.



At this point, the trial court ordered the trial to proceed before the jury. There was no objection
to the trial court's action. Appellant relies upon the colloquy above, particularly his statement that
he had made a deal with the prosecutor. This assertion is not otherwise supported by the record
nor is its nature revealed. The assertion is found among appellant's evasive answers to the trial
court's direct question. We find no clear and unequivocal assertion of the right of self-representation. The trial court was not required to make inquiry under the circumstances. 
Request for other counsel is not a waiver of counsel, Robles v. State, 577 S.W.2d 699, 704 (Tex.
Crim. App. 1974), nor an affirmative assertion of the right of self-representation. The instant
case is distinguishable from De Valentino v. State, 807 S.W.2d 382, 383-84 (Tex. App.--Houston
[1st Dist.] 1991, no pet.), where the defendant expressly stated that he was willing to represent
himself. The instant fact situation is more closely akin to that in Foster, 817 S.W.2d at 391-92. 
We need not explore the timeliness of any request or whether it was made for purposes of delay (2)
for we hold that appellant did not clearly and unequivocally assert his right of self-representation.

 Appellant does argue that article I, section 10 of the Texas Constitution should be
interpreted more broadly than the Sixth Amendment with regard to the right to self-representation. 
Appellant relies upon Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991) (dealing with
an interpretation of article I, section 9 of the Texas Constitution). Heitman did hold that in
analyzing and interpreting article I, section 9, Texas courts are not bound by the United States
Supreme Court's decisions interpreting the Fourth Amendment to the federal constitution; that the
state constitution may provide greater rights than the federal constitution. Id. at 690. This
holding was not new. Texas courts have always been able to follow "our own lights" and
interpret our state constitution as affording greater safeguards than the federal constitution. See
Olson v. State, 484 S.W.2d 756, 762 (Tex. Crim. App. 1976) (op. on reh'g). We understand we
are at liberty to interpret our constitution as providing greater safeguards than the federal
constitution. Appellant has not, however, presented us with specific precedential authority or
compelling arguments for such action and we do not perceive any justification for doing so in the
instant case. See Gonzales v. State, 818 S.W.2d 756, 764 (Tex. Crim. App. 1991), cert. denied,
113 S. Ct. 1334 (1993). We do not understand appellant to argue that article I, section 10 of the
Texas Constitution may be interpreted so as to eliminate any requirement that a defendant clearly
and unequivocally assert his right to self-representation. Points of error one and three are
overruled.

 In his second and fourth points of error, appellant contends that the trial court erred
in refusing to allow him to "accept" the State's plea bargain offer in violation of the Sixth
Amendment of the United States Constitution and article I, section 10 of the Texas Constitution. 
It appears that there was an original plea bargain for three and one-half years' imprisonment
which the trial court rejected. There was a second plea bargain offer of five years' imprisonment
with the sentence to run concurrently with other outstanding sentences. Appellant personally
rejected this offer. Thereafter, appellant entered a plea of not guilty. When the voir dire
examination of the jury panel was completed, but before the jury was sworn and empaneled, it
appears that appellant changed his plea to guilty because the trial court began to admonish
appellant concerning the consequences of his plea. See Tex. Code Crim. Proc. Ann. art. 26.13
(West 1989 & Supp. 1994). References were made by the trial court to "State's exhibit No. 1,
your plea of guilty, judicial confession, agreement to stipulate." During this admonishment, and
before any mention of a plea bargain or its nature, (3) the trial court inquired if appellant was
satisfied with his counsel's representation. Appellant answered "No." When the trial court asked
why appellant was dissatisfied and what counsel had not done, appellant made evasive statements
refusing to directly answer the trial court's repeated questions. The trial court terminated the
admonishment and ordered the jury empaneled. There was no objection to the trial court's action. 
No error was preserved for review. Tex. R. App. P. 52(a). The trial proceeded before the jury
on appellant's plea of not guilty.

 It appears from appellant's own version of the facts that he "accepted" the plea
bargain offer. The complaint on appeal is in reality that the plea bargain was not carried out
because of the trial court's action. The trial court, of course, is prohibited by statute from
accepting a guilty plea that does not appear to be freely and voluntarily made. Tex. Code Crim.
Proc. Ann. art. 26.13(b) (West 1989). When the right to counsel is not waived, a guilty plea
entered without the effective assistance of counsel is not a voluntary and knowledgeable act. Ex
parte Harris, 596 S.W.2d 893, 894 (Tex. Crim. App. 1980); Ex parte Bratchett, 513 S.W.2d
851, 854 (Tex. Crim. App. 1974). Moreover, a Texas defendant has neither a constitutional nor
statutory right to enter into a plea bargain with a prosecutor for a particular punishment or for a
reduced charge. Perkins v. Court of Appeals, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987). 
The trial court remains free in every case either to refuse to allow plea bargaining or to reject a
particular plea bargain. State ex rel. Bryan v. McDonald, 662 S.W.2d 5, 9 (Tex. Crim. App.
1983); Morano v. State, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978); Allen v. State, 827
S.W.2d 69, 70 (Tex. App.--Houston [1st Dist.] 1992, no pet.).

 Appellant has not demonstrated how the Sixth Amendment and article I, section 10
were violated. No viable argument is advanced and no authorities are cited for these contentions. 
See Tex. R. App. P. 74(f). Nothing is presented for review. Kelley v. State, 817 S.W.2d 168,
175 (Tex. App.--Austin 1991, pet. ref'd). Moreover, even constitutional rights including the right
to due process and the due course of law may be waived by failure to object at trial. Briggs v.
State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). As noted, appellant made no trial
objection. Points of error two and four are overruled.

 In point of error five, appellant urges that the trial court committed fundamental
error "in allowing enhancing paragraphs of the indictment to be read and proof of prior D.W.I.
convictions presented at the guilt/innocence stage of trial." Appellant candidly admits that there
was no objection to the reading of the entire indictment to the jury or to the offer of proof as to
the alleged prior convictions. It appears that any error was waived. Tex. R. App. P. 52(a); Tex.
R. Crim. Evid. 103(a)(1); Lee v. State, 400 S.W.2d 909 (Tex. Crim. App. 1966). Only if the
error was fundamental can it be said there is reversible error.

 The prosecution was based on article 6701l-1(e) which provides:



(e) If it is shown on the trial of an offense under this article that the person has
previously been convicted two or more times of an offense under this article, the
offense is punishable by:


 (1) a fine of not less than $500 or more than $2,000; and


 (2) confinement in jail for a term of not less than 30 days or more than two
years or imprisonment in the state penitentiary for a term of not less than 60
days or more than five years.



Tex. Rev. Civ. Stat. Ann. art. 6701l-1(e) (West Supp. 1994).

 Thus, it was necessary to allege two or more prior driving while intoxicated
convictions to allege a felony offense and to confer jurisdiction on the district court.

 Article 36.01(a)(1) (Order of Proceeding in Trial) provides:



(a) A jury being impaneled in any criminal action, except as provided by
Subsection (b) of this article, the cause shall proceed in the following order:


1. The indictment or information shall be read to the jury by the attorney
prosecuting. When prior convictions are alleged for purposes of enhancement only
and are not jurisdictional, that portion of the indictment or information reciting
such convictions shall not be read until the hearing on punishment is held as
provided in Article 37.07.



Tex. Code. Crim. Proc. Ann. art. 36.01(a)(1) (West Supp. 1994) (emphasis added).

 The case law has been decided adversely to appellant's contentions even if he had
timely objected. The prior convictions alleged are jurisdictional elements of the offense under
article 6701l-1(e) and are alleged for that purpose and not for enhancement only. The prior
convictions were properly part of the proof at the guilt/innocence stage of the trial. Moreover,
the prior convictions fall within the jurisdictional exception of article 36.01(a)(1) and must be read
to the jury. See State v. Wheeler, 790 S.W.2d 415, 416 (Tex. App.--Amarillo 1990, no pet.);
Freeman v. State, 733 S.W.2d 662, 663-64 (Tex. App.--Dallas 1987, pet. ref'd); Addington v.
State, 730 S.W.2d 788, 789-90 (Tex. App.--Texarkana 1987, pet. ref'd); see also Pope v. State,
802 S.W.2d 418, 420-21 (Tex. App.--Austin 1991, no pet.). Appellant recognizes these
authorities but suggests they may be in conflict with Wilson v. State, 772 S.W.2d 118, 121-23
(Tex. Crim. App. 1989). For the same reasons set forth in Will v. State, 794 S.W.2d 948, 953
(Tex. App.--Houston [1st Dist.] 1990, no pet.), we reject appellant's suggestion of a conflict. 
Point of error five is overruled.

 In points of error six and seven, appellant repeats his complaint under point of error
five and claims a violation of the due course of law provisions of article I, sections 13 and 19 of
the Texas Constitution and a violation of article I, section 10 of the Texas Constitution. In his
argument, appellant merely urges that article 6701l-1(e), which he claims authorizes the reading
of the enhancing paragraphs of the indictment to the jury and proof of the prior driving while
intoxicated convictions at the guilt/innocence stage of the trial, is unconstitutional in light of the
constitutional provisions cited above.

 Appellant did not object to the reading of the indictment or the proof of the prior
convictions alleged. See Tex. R. App. P. 52(a). Failure to object at trial waives error, even
constitutional errors including those involving due process and due course of law rights. Briggs,
789 S.W.2d at 924. Furthermore, appellant gives an expansive reading to article 6701l-1(e). 
Appellant's brief cites no authority nor presents argument as required. Tex. R. App. 74(f). 
Nothing is presented for review. Kelley v. State, 817 S.W.2d at 185. Points of error six and
seven are overruled.

 In point of error eight, appellant contends that the evidence is insufficient to support
the conviction for the offense of felony driving while intoxicated. Appellant does not challenge
the sufficiency of the evidence to show the primary offense, but contends that the State alleged
four prior driving while intoxicated convictions and then proved only one, when at least two prior
driving while intoxicated convictions are required. See article 6701l-1(e).

 The indictment alleged that appellant had been previously convicted of driving
while intoxicated offenses (1) on April 10, 1991, in cause number 90 CR 1661 in the 10th Judicial
District Court of Galveston County; (2) on February 12, 1991, in cause number 588549 in the
179th Judicial District Court of Harris County; (3) on December 2, 1985, in cause number 856209
in County Court at Law Number 1 of Harris County; and (4) on January 18, 1985, in cause
number 789457 in County Court at Law Number 10 of Harris County. The State introduced,
without objection, State's exhibit number five which contained, inter alia, a certified copy of the
judgment and sentence in cause number 90 CR 1661 of the 10th Judicial District Court of
Galveston County which included a fingerprint thereon. (4) A fingerprint expert witness was
qualified and testified that the fingerprint on said judgment was the same as the known fingerprint
she had taken from appellant. This is one method of proving prior convictions. Littles v. State,
726 S.W.2d 26, 28 (Tex. Crim. App. 1984); Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim.
App. 1986). Appellant concedes that the prior conviction in cause number 90 CR 1661 was
properly proven, but contends that in the absence of fingerprint evidence the proof fails as to the
other alleged prior convictions. Appellant relies upon Turner v. State, 733 S.W.2d 218 (Tex.
Crim. App. 1987), to support his claim that fingerprint evidence is essential. His reliance is
misplaced because Turner dealt with the validity of a cumulation order on the sentence. 
Moreover, there is no exclusive method of proving a defendant's identity as the person previously
convicted, and any combination of methods may be used. Beck, 719 S.W.2d at 210.

 The certified copies of the judgments of the other three prior convictions were
introduced into evidence without objection. The judgments have the same name as appellant. 
These certified copies are not, however, sufficient standing alone to establish a defendant's
identity as the person previously convicted. Elliott v. State, 858 S.W.2d 478, 488 (Tex. Crim.
App.), cert. denied, 114 S. Ct. 563 (1993); Beck, 719 S.W.2d at 210; Tyson v. State, 873 S.W.2d
53, 59 (Tex. App.--Tyler 1993, pet. ref'd); Rosales v. State, 867 S.W.2d 70, 73 (Tex. App.--El
Paso 1993, no pet.). This is true even if the name in the prior judgment is the same as the name
of the defendant on trial. Elizalde v. State, 507 S.W.2d 749, 752 (Tex. Crim. App. 1974). The
State did not, however, rely on the judgments of conviction alone. The State introduced, without
objection, the authenticated and certified copy of the appellant's driving record from the Texas
Department of Public Safety. This driving record included appellant's driver's license with its
number and a photograph. In addition it reflected the four prior driving while intoxicated
convictions alleged in the indictment. One of the arresting officers examined the exhibit in
question and testified that the photograph on the driver's license included was a photograph of the
appellant whom he had arrested and bore the same license number (No. 12722342) as the driver's
license he listed in his offense report. The use of the judgments of convictions and appellant's
certified driving record was sufficient under the circumstances to establish appellant's identity as
the person previously convicted as alleged. See Lopez v. State, 805 S.W.2d 882, 885 (Tex.
App.--Corpus Christi 1991, no pet.). Moreover, among the papers constituting State's exhibit
number five pertaining to the conviction in cause number 90 CR 1661 in Galveston County is
found a sworn personal stipulation of evidence by appellant that he was the same person
previously convicted in cause numbers 789457 and 856209 in the County Court at law No. 10 of
Harris County, which convictions were alleged in the instant indictment. The State sufficiently
proved two or more prior driving while intoxicated convictions as alleged. Point of error eight
is overruled.

 In points of error nine, ten, and eleven, appellant attacks the validity of the
cumulation order "stacking" sentences. In point of error nine, appellant contends that the trial
court erred in stacking the instant sentence on the prior conviction in cause number 588549 in
Harris County. Appellant claims that in the absence of fingerprint evidence, the State had failed
to prove that he was the same person convicted in cause number 588549. The contention is
without merit for the same reasons set forth in the discussion of point of error eight. 
Nevertheless, the cumulation order is invalid as to cause number 588549 for the reason urged by
appellant in point of error ten. A sentence may not be stacked on a conviction where the
imposition of sentence has been suspended. Tex. Code Crim. Proc. Ann. art. 42.08(c) (West
Supp. 1994). In cause number 588549 the imposition of the sentence was suspended and appellant
was placed on probation. There is nothing in the record to show that a sentence has ever been
imposed in cause number 588549. While a "probated sentence" after January 1, 1984, is a final
conviction for the purposes of article 6701l-1(e) (5) such "probated sentence" may not be utilized in
the cumulation of sentences under article 42.08(c). In point of error eleven, appellant contends
that the prior conviction in cause number 90 CR 1661 in Galveston County was improperly used
in the cumulation order. Appellant argues that the sentence assessed in cause number 90 CR 1661
has been served and was not outstanding at the time of the sentencing in the instant case. The
State agrees that the sentence had ceased to operate and was not available for cumulation of
sentences as provided in article 42.08. Point of error nine is overruled. Points of error ten and
eleven are sustained.


 The entire cumulation order in the instant judgment and sentence is vacated. The
judgment is reformed. As reformed, the judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Aboussie, B. A. Smith and Onion*

Reformed and, as Reformed, Affirmed

Filed: August 31, 1994

Do Not Publish


































* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Appellant does not urge as a point of error the trial court's refusal to afford different
counsel. Appellant had the burden of proving his entitlement to a change of counsel. 
Malcom v. State, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982). The record shows that
appellant's counsel was appointed on September 24, 1991, and that the trial commenced on June
2, 1992. Appellant asserts in his brief that appointed counsel was later retained, apparently
discharged, and then reappointed by the trial court shortly before trial. The record does not
support these assertions. Appellant refers us to the allegations in his motion for a new trial. 
These allegations are not self-proving. Schneider v. State, 594 S.W.2d 415, 418 (Tex. Crim.
App. 1980); see also Dugard v. State, 688 S.W.2d 524, 528 (Tex. Crim. App. 1985). The
motion for new trial, filed by new counsel, was overruled without evidence being offered.
2. See Johnson v. State, 676 S.W.2d 416, 420 (Tex. Crim. App. 1984); Blankenship v. State,
673 S.W.2d 578, 585 (Tex. Crim. App. 1984).
3. The nature of the plea bargain offer upon which appellant relies is not reflected by the
record. In his motion for new trial, appellant alleges it was for four years' imprisonment to run
concurrently with a sentence out of Harris County. These allegations are not self-proving. See
footnote 1. 
4. A thumbprint or fingerprint is required on all judgments. See Tex. Code Crim. Proc.
Ann. arts. 38.33 and 42.01(23) (West Supp. 1994).
5. "For the purposes of this article [6701l], a conviction for an offense that occurs on or after
January 1, 1984, is a final conviction, whether or not the sentence is probated." Tex. Rev. Civ.
Stat. Ann. art. 6701l-1(h) (West Supp. 1994).