TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00269-CR

Gary Edwin Wheeler, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT

NO. A-99-0054-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING

A jury found appellant Gary Edwin Wheeler guilty of felony driving while
intoxicated. See Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2000). The district court
assessed punishment at imprisonment for three years and a $1500 fine. We will affirm.

Appellant contends his trial counsel rendered ineffective assistance because he did
not object to the amendment of the indictment after trial began. The amendment concerned one
of the two previous convictions alleged to elevate the offense to a felony. See id. § 49.09(b). The
indictment as filed alleged that appellant had previously been convicted of driving while
intoxicated in the County Court of Gregg County, Texas, on November 22, 1992, in cause number
75942. After the jury was selected, the State was permitted without objection to amend this
allegation to change the date of conviction to January 22, 1992. See Tex. Code Crim. Proc. Ann.
art. 28.10(b) (West 1989) (indictment may be amended after trial commences if defendant does
not object). Appellant argues that the State could not have proved the Gregg County conviction
as alleged and, but for the amendment, could not have secured a felony conviction. Appellant
urges that his attorney's failure to object to the amendment was error that prejudiced him to such
a degree that he was deprived of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (test for ineffectiveness
of counsel). He asserts that the proper remedy is to reform the judgment to reflect a misdemeanor
conviction.

As regards previous convictions, a slight or immaterial variance between the
allegations of the indictment and the proof at trial will not render the evidence insufficient. 
Human v. State, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). Where the county of conviction,
court, and cause number are proved as alleged, and the only variance concerns the date of
conviction, the proof is sufficient. See Lopez v. State, 805 S.W.2d 882, 885 (Tex. App.--Corpus
Christi 1991, no pet.); Zimmerlee v. State, 777 S.W.2d 791, 792 (Tex. App.--Beaumont 1989,
no pet.). Appellant's trial counsel testified at the new trial hearing that he was not misled by the
indictment and was fully aware of appellant's previous convictions. We hold that counsel's failure
to object to the amendment of the indictment did not constitute ineffective assistance of counsel. 
There is no basis for the reformation of the judgment sought by appellant.

At trial, appellant stipulated to the two previous driving while intoxicated
convictions. He now contends he is entitled to a new trial because there was no written consent
to stipulate. Appellant relies on article 1.15, which he concedes does not apply to trials before
a jury. See Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2000). "Stipulations, oral or
written, in criminal cases where the plea of not guilty is entered before the jury do not have to
comply with Article 1.15, V.A.C.C.P." Messer v. State, 729 S.W.2d 694, 699 (Tex. Crim. App.
1987) (op. on reh'g) (emphasis deleted). No error is presented.

The judgment of conviction is affirmed.

 __________________________________________

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: December 21, 2000

Do Not Publish