# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00269-CR

**Gary Edwin Wheeler, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-99-0054-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING

A jury found appellant Gary Edwin Wheeler guilty of felony driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2000). The district court assessed punishment at imprisonment for three years and a $1500 fine. We will affirm.

Appellant contends his trial counsel rendered ineffective assistance because he did not object to the amendment of the indictment after trial began. The amendment concerned one of the two previous convictions alleged to elevate the offense to a felony. *See id.* § 49.09(b). The indictment as filed alleged that appellant had previously been convicted of driving while intoxicated in the County Court of Gregg County, Texas, on November 22, 1992, in cause number 75942. After the jury was selected, the State was permitted without objection to amend this allegation to change the date of conviction to January 22, 1992. *See* Tex. Code Crim. Proc. Ann. art. 28.10(b) (West 1989) (indictment may be amended after trial commences if defendant

does not object). Appellant argues that the State could not have proved the Gregg County conviction as alleged and, but for the amendment, could not have secured a felony conviction. Appellant urges that his attorney's failure to object to the amendment was error that prejudiced him to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (test for ineffectiveness of counsel). He asserts that the proper remedy is to reform the judgment to reflect a misdemeanor conviction.

As regards previous convictions, a slight or immaterial variance between the allegations of the indictment and the proof at trial will not render the evidence insufficient. *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988). Where the county of conviction, court, and cause number are proved as alleged, and the only variance concerns the date of conviction, the proof is sufficient. *See Lopez v. State*, 805 S.W.2d 882, 885 (Tex. App.—Corpus Christi 1991, no pet.); *Zimmerlee v. State*, 777 S.W.2d 791, 792 (Tex. App.—Beaumont 1989, no pet.). Appellant's trial counsel testified at the new trial hearing that he was not misled by the indictment and was fully aware of appellant's previous convictions. We hold that counsel's failure to object to the amendment of the indictment did not constitute ineffective assistance of counsel. There is no basis for the reformation of the judgment sought by appellant.

At trial, appellant stipulated to the two previous driving while intoxicated convictions. He now contends he is entitled to a new trial because there was no written consent to stipulate. Appellant relies on article 1.15, which he concedes does not apply to trials before a jury. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2000). "Stipulations, oral or

2

written, in criminal cases where the plea of not guilty is entered before the jury do not have to comply with Article 1.15, V.A.C.C.P." *Messer v. State*, 729 S.W.2d 694, 699 (Tex. Crim. App. 1987) (op. on reh'g) (emphasis deleted). No error is presented.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed:   December 21, 2000

Do Not Publish

3