**Augustine Joseph LISAI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–94–00001–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 28, 1994.

Decided April 13, 1994.

Scott Lemke, Lemke & Pederson, McKinney, for appellant.

Doris Berry, Asst. Dist. Atty., McKinney, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Augustine Lisai appeals from his conviction for the offense of possession of a deadly weapon in a penal institution. Lisai was found guilty in a trial by jury, and the court assessed his punishment at twenty years' confinement.

Lisai raises three points of error in which he contends (1) that the evidence was insufficient to allow the jury to determine that the item was a deadly weapon, (2) that he knowingly possessed and concealed it, and (3) that the court erred in presenting a charge to the jury that varied from the indictment.

Lisai was originally confined in the Bell County jail. The evidence indicates that he was transferred to the Collin County jail and that his property bag, which was transferred with him, was searched upon his arrival there. During the search, an officer found a razor blade with a taped handle wedged inside the binding of a legal pad. The officer

asked Lisai what was inside the pad when she first noticed it. Lisai laughed and told her that the lump was caused by a razor blade with a handle. Later, he asked her if he could keep it.

Lisai was charged under TEX.PENAL CODE ANN. § 46.11 (Vernon 1989) for the offense of possession or concealment of a deadly weapon in a penal institution. We first address Lisai's point of error contending that a fatal variance between the indictment and the charge requires reversal. The indictment charged Lisai with intentionally and knowingly possessing and concealing a deadly weapon in a penal institution. Lisai complains that this language does not match the language sent to the jury in the court's charge, which directed the jury to determine whether he did "intentionally *or* knowingly possess or conceal in said penal institution a deadly weapon, to-wit: a knife...." Lisai argues that this change from the conjunctive to the disjunctive permits the jury to find him guilty on different grounds than those alleged in the indictment. The statute provides that the offense is committed when a person either conceals or possesses the item. Therefore, these constitute alternate theories of committing the same offense. The Court of Criminal Appeals has specifically held that, although an indictment may allege differing methods of committing an offense in the conjunctive, it is proper and appropriate to charge the jury in the disjunctive. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim. App.1991). Thus, no error has been shown.

We now turn to Lisai's evidentiary points. He first contends that the evidence was insufficient to permit the jury to determine beyond a reasonable doubt that Lisai either possessed or concealed a deadly weapon in the Collin County jail. This contention may fairly be said to question whether the evidence is both legally and factually sufficient. In reviewing the legal sufficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Nelson v. State*, 848 S.W.2d 126,

131 (Tex.Crim.App.1992). In reviewing the sufficiency of the evidence, this Court may not reweigh the evidence as the thirteenth juror. *Blankenship v. State*, 780 S.W.2d 198, 207 (Tex.Crim.App.1989) (opinion on rehearing).

In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is against the great weight of the evidence. Under TEX. CONST. art. V, § 6, the courts of appeals are conclusive on all fact questions and have the constitutional authority and obligation to decide whether the evidence is factually sufficient. Courts of appeals have the power and duty to review the factual sufficiency of the evidence relative to the proof of the elements of an offense. *See Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed).

Lisai rests his contention of evidentiary insufficiency upon the fact that, at the time that the razor blade was discovered, his personal property was not in his possession. The testimony indicates that when prisoners are transferred, their property bags are locked up separately from them in the bus and that the bags are searched for contraband before being returned to the inmate at their new place of dwelling. During this search, but before the bag had been returned to Lisai, an officer discovered the razor. As a possessory offense, the jury was required to find that the device was under Lisai's actual care, custody, control, or management. TEX.PENAL CODE ANN. § 1.07(a)(28) (Vernon 1974). In possessory offenses, the evidence must affirmatively link the accused to the unlawful weapon in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the weapon and exercised control over it. Such affirmative links can be established by the facts and circumstances which indicate his knowledge and control over the weapon. *Vela v. State*, 681 S.W.2d 739 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd); *see Christian v. State*, 686 S.W.2d 930 (Tex. Crim.App.1985). In the present case, the weapon was found in items belonging to Li-

sai, and he acknowledged that he was fully aware of its presence.

Actual possession under the statute is shown by a variety of methods, which generally involve either claims of ownership or proximity or acts reflecting knowledge and/or control. In the present case, Lisai argues that he never had possession of the property at the Collin County jail. While it is true that Lisai did not have actual possession of the weapon when the jail employee discovered it, the weapon was in Lisai's personal belongings with Lisai's admitted knowledge of its presence. This was strong circumstantial evidence that Lisai had possession of the weapon while in jail. Nevertheless, the jail employee had no right to possession of Lisai's personal belongings. She had the duty to examine them for contraband, and then to return them, much in the same way as a bailee may hold property with the duty to return the property intact to its rightful owner. In this particular case, the evidence was uncontroverted that the items in the property bag belonged to Lisai. His actions reflected his knowledge of the weapon and his claim to its ownership. On these facts, we hold that the property was in Lisai's possession and under his control throughout the transaction, subject only to the transferring party's duty to transport and return the items.

Accordingly, we find that the evidence is both legally and factually sufficient to support the jury's finding that Lisai was in possession of the weapon while in the Collin County jail. This point of error is overruled.

■■■ Lisai next contends that there was insufficient proof that the item was a deadly weapon. A knife is not a deadly weapon per se. *Blain v. State,* 647 S.W.2d 293, 294 (Tex.Crim.App.1983). It will, however, qualify as a deadly weapon whenever it is manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury. *Thomas v. State,* 821 S.W.2d 616 (Tex.Crim.App.1991). Two officers testified that a razor blade with an attached handle was adapted and designed for the purpose of causing serious bodily injury. This evidence

is sufficient to support the trial court's verdict in this regard.

The judgment of the trial court is affirmed.