David Michael McCLURE, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 11–92–170–CR.

Court of Appeals of Texas, Eastland.

May 5, 1994.

Wm. Bennie House, Jr., Houston, for appellant.

Ross L. Jones, Dist. Atty., Coleman, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted David Michael McClure, Jr., of attempted murder,[1] and the judge assessed his punishment at confinement for 20 years.[2] We affirm.

### Background Facts

Appellant and his first wife married when he was 16 and she was 17. They have three children. They divorced after appellant began a romance with a teenage girl who became his second wife. She is the complaining witness in this case. Appellant and complainant have one child. After their marriage, appellant resumed his romantic relationship with his first wife. That led to a divorce from complainant, and there was a bitterly contested dispute over appellant's visitation rights with the child of the second marriage. After the second divorce, appellant renewed his romantic relationship with complainant while he was living with his first wife. There were also two "topless dancers" who testified during appellant's trial.[3]

Complainant testified that she had gone with appellant to the remote spot where she was shot and left for dead. Appellant testified in his own behalf, denying that he had been with complainant on the evening when she was shot.[4] The first wife testified for appellant in an attempt to establish an alibi defense.

Complainant, Kala Franke McClure, was shot in the back of the head on February 24, 1991. The bullet did extensive damage to the right lobe of her brain. She survived; but she lost most of her vision because of damage to her brain, and her left arm and left leg are partially paralyzed.

### Points of Error

Appellant's court-appointed counsel filed a brief containing six points of error in which he argues that: the trial court erred when it failed to grant a mistrial (Point One) after the State cross-examined appellant about his "post arrest silence" and (Point Two) after the State's "intentional elicitation of prohibit-

---

1. This is a felony of the second degree. TEX.PENAL CODE ANN. § 19.02 (Vernon 1989) defines the offense of "murder" and provides that it is a felony of the first degree. TEX.PENAL CODE ANN. § 15.01 (Vernon Supp.1994) defines the offense of "criminal attempt" and provides that it is one category lower than the offense which was attempted.

2. TEX.PENAL CODE ANN. § 12.33 (Vernon 1974) provides that a person convicted of a felony of the second degree shall be punished by confinement for not less than two nor more than 20 years. An optional fine of not more than $10,000 may also be assessed.

3. Each of them testified to romantic relationships with appellant, and each of them said that he had asked them to testify falsely at this trial in order to help him establish a defense. They told the jury that the original story which each of them told the peace officers was false and that their testimony at trial was the truth.

4. Appellant admitted to the extramarital affairs with all four women, but he testified that he was only involved with two of them at any given time.

ed testimony"; the trial court erred when it refused (Point Three) to require the State to articulate the purpose of "extraneous offense" testimony and (Point Four) to weigh the probative value against the prejudicial impact of the "extraneous offense" testimony; (Point Five) the verdict of guilt is contrary to the great weight and preponderance of the evidence; and (Point Six) appellant was denied a fair trial in violation of the due process clause of the fourteenth amendment to the Constitution of the United States and in violation of the due course of law clause of Article I, § 19 of the Constitution of the State of Texas because of the "cumulative effect" of several evidentiary errors and improper jury arguments.

Appellant's subsequently-retained counsel filed a supplemental brief containing seven additional points of error. First, he argues in Point One that the trial court erred in overruling the motion for instructed verdict because there was "no proper in court identification" and in Point Two that the evidence was not legally sufficient because there was "no proper in court identification." In his next four supplemental points, he argues that the trial court erred in its charge to the jury "by failing to properly apply the law to the facts regarding limited use of extraneous offense testimony" in violation of the Sixth Amendment to the United States Constitution (Point Three), in violation of Article I, § 15 of the Texas Constitution (Point Four), in violation of the Fourteenth Amendment to the United States Constitution (Point Five), and in violation of Article I, § 19 of the Texas Constitution (Point Six). In his final supplemental point, appellant argues that the court of appeals should order a new trial pursuant to TEX.R.APP.P. 50(e) because appellant claims that "part of the record has been lost or destroyed."

All points have been considered and overruled.

### Postarrest Silence

■ In his first point, appellant complains of this portion of the district attorney's cross-examination of appellant:

Q: In fact, you have never made a statement until you took the stand this morning; isn't that correct; as far as the law enforcement officers were concerned?

A: That is right. Nobody wanted a statement, or anything.

Q: At the time you were arrested, Mr. McClure, were you advised of your rights?

A: Yes, sir.

Q: Were you asked if you wanted to give a statement?

A: I don't ever remember anybody asking me.

[DEFENSE COUNSEL]: Object to that, Your Honor. That is not proper.

THE COURT: Sustain the objection.

[DEFENSE COUNSEL]: I am going to ask that the Jury be instructed to disregard that.

THE COURT: I will instruct the Jury to disregard the last question of the District Attorney, and not consider it for any purpose whatsoever.

[DEFENSE COUNSEL]: And I am going to ask for a mistrial, because it is a comment on the defendant's Fifth Amendment—

THE COURT: I will overrule the motion for a mistrial.

The trial court properly sustained the objection and instructed the jury to disregard the improper question. See *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Sanchez v. State*, 707 S.W.2d 575 at 579 (Tex.Cr.App.1986). That was sufficient under the holding of the Court of Criminal Appeals in *Waldo v. State*, 746 S.W.2d 750 at 752 (Tex.Cr.App.1988). The first point of error is overruled.

### Nonresponsive Answer

■ In his second point, appellant claims that the district attorney intentionally elicited "prohibited testimony." The State had called appellant's father as a reputation witness, and appellant's father testified that appellant's reputation for truthfulness and veracity was "very bad." Appellant's lawyer then cross-examined this witness in an attempt to show bias, accusing the witness of not having much to do with this son since the "big hassle with his mama over the divorce"

and suggesting that the witness would like to see his son convicted in order to eliminate any competition in the wrecker business in the Cross Plains area. On redirect examination by the district attorney, the record shows:

> Q: Mr. McClure, there is some other reasons why you—
>
> A: Yes, sir.
>
> [DEFENSE COUNSEL]: Your Honor, I am going to object—
>
> WITNESS: I am opinionated against the boy because—
>
> THE COURT: All right.
>
> [DEFENSE COUNSEL]: Your Honor—
>
> WITNESS: —he tried to kill me.
>
> THE COURT: All right. That will be all. You may step down. Thank you.

> \* \* \* \* \* \*

> THE COURT: Ladies and Gentlemen of the Jury, I am going to instruct you that you will disregard the last statement made by the witness, David Michael McClure, Sr. You will not consider it for any purpose whatsoever. It was unsolicited, and it was unresponsive to the question asked, and you are so instructed. Thank you. Do you understand?
>
> THE JURORS: Yes, sir.

After the witness was told to step down, the jury was excused. Outside the presence of the jury, appellant's attorney asked for an instruction to the jury and moved for a mistrial. The district attorney assured the court that the witness' response was not what he had expected and that he had "told him not to say that." The trial court, denied the motion for mistrial, brought the jury back into the courtroom, and gave the instruction shown above. This was sufficient under *Waldo v. State,* supra. See also *American Plant Food Corporation v. State,* 587 S.W.2d 679 at 684 (Tex.Cr.App.1979). The second point of error is overruled.

### Attempt to Hire a "Hitman"

■ Appellant argues under points three and four that there were "several occasions" when the trial court erred by admitting extraneous offense testimony without first evaluating it under the standard stated in *Montgomery v. State,* 810 S.W.2d 372 at 387 (Tex.Cr.App.1991); however, appellant's brief only cites the record where the witness, Oran Curby Fickle, testified that appellant tried to hire him to kill appellant's ex-wife or to help him find someone to kill her. This testimony was first developed outside the presence of the jury, and appellant's attorney discussed TEX.R.CRIM.EVID. 403 and 404, asking the trial court:

> [T]o articulate into the record the specific and only purpose for which this evidence is to be admitted.

The trial court overruled the objection, stated that the testimony is clearly admissible, and allowed a "running objection" on this conversation.

In the court's charge to the jury, the jury was instructed:

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and *even then you may only consider the same in determining the intent of the defendant,* if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose. (Emphasis added)

Where the purpose of the testimony is clear, the trial court does not err in refusing to go through the procedure set forth in *Montgomery v. State,* supra. Hiring a hitman is probative on the issue of appellant's "intent" when he took his ex-wife to the remote area where she was found several hours later, having survived a pistol shot which went through her head. Even though the trial court did not require the State to "articulate into the record" the purpose for which the proof was offered, it was clear to the trial court, as it is to this court, that the evidence had probative value as to his intent and that its probative value was not substantially out-

weighed by the danger of unfair prejudice. See Rule 403. It is also clear that the testimony was admissible under Rule 404(b). Points three and four are overruled.

### Sufficiency of Evidence

■ Appellant concedes that the evidence is "legally sufficient" under the tests stated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); however, he asks us to set the verdict aside as being against the great weight and preponderance of the evidence. This we are not free to do. See *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr. App.1991).[5] Since there is evidence which is sufficient to permit a rational trier of fact to believe beyond a reasonable doubt that appellant is guilty of each element of the offense charged, the fifth point of error is overruled.

### Cumulative Error

In the final point of error in the original brief, appellant claims that the conviction should be reversed because of the "cumulative effect" of four errors: the district attorney's questioning of appellant as to his postarrest silence; the court's allowance of "extraneous offense" evidence without considering whether it was offered for anything other than character conformity and without considering whether its probative value outweighed its prejudicial impact; and the outburst from appellant's father when he told the jury that appellant had tried to kill him. We have already held that the trial court's prompt instructions to disregard cured the error as to the improper question about appellant's postarrest silence and the witness' outburst. We have held that there was no error as to the "extraneous offense" testimony about trying to hire a hitman. Consequently, the claim of cumulative error under point six is overruled.

### Sufficiency of Identification

■ Appellant argues in his first two supplemental points of error that the evidence is insufficient to show a proper in-court identifi-

cation of appellant. These points are overruled for two reasons. First, several witnesses identified appellant during their testimony before the jury. For example, the first witness testified as follows:

Q: (by District Attorney): [D]o you know David Michael McClure, Jr.?

A: (by Bill Strickland): Yes, sir.

Q: Is he present in the courtroom?

[DEFENSE COUNSEL]: Here he is.

THE WITNESS: Mike?

THE DEFENDANT: Yes.

A: Yeah. I didn't even recognize him. I haven't seen him in a while; but I have knew him all of his life. I mean, most of his life.

Q: That is David Michael McClure, Jr.?

A: Yes.

A later witness, Robert S. Burks, also identified appellant during this in-court testimony on direct examination by the district attorney:

Q: Do you know David Michael McClure, Jr.?

A: Yes, sir.

Q: How long have you known him?

A: Eighteen to twenty years.

Q: Is he present in the courtroom?

A: Yes, sir.

Q: Would you point to him?

A: Right there.

The third witness who identified appellant during in-court testimony was Oran Curby Fickle who testified as follows on direct examination by the district attorney:

Q: Do you know David Michael McClure, Jr.?

A: Yes, sir.

Q: Is he present in court?

A: Yes, sir, he is.

Q: Would you point to him, please?

A: He is sitting there on the end.

When appellant took the stand to testify in his own behalf, the first two questions and answers were as shown below:

---

5. We recognize the fact that courts of appeals do have the power to weigh the evidence on issues on which the defendant has the burden of proof and persuasion. See *Meraz v. State,* 785 S.W.2d 146 at 154 (Tex.Cr.App.1990).

Q: As long as we have been sitting here, I think everybody knows you; but would you tell the Jury who you are?

A: Mike McClure.

Q: Are you the same Mike McClure we have been talking about here for two weeks?

A: Yes.

■ The second reason that these two supplemental points do not show reversible error is because appellant made no objection during trial to the in-court identification procedures. See *Rohlfing v. State,* 612 S.W.2d 598 at 601 (Tex.Cr.App.1981), which states:

Absent any indication, prior to appeal, that the jury may have been misled by the in-court identification procedure, we will not presume that some person other than appellant may have been identified.

\* \* \* \* \* \*

No objection was made by appellant to the employed identification procedure. If it be appellant's contention that another person, and not he, was identified by the State's witnesses, and he does not so claim in his brief, we believe it was incumbent upon him, by objection to the identification procedure employed or by an offer of a bill of exception detailing the circumstances which would reflect any possible confusion or misidentification.

The first two supplemental points of error are overruled.

### Jury Charge of Extraneous Offense

■ Appellant complains in the next four supplemental points of error that the trial court erred by failing to properly apply the law to the facts regarding the "limited use of extraneous offense testimony." After the close of evidence, the trial court gave the attorneys an opportunity to object to the court's charge to the jury before the closing arguments. The record shows the following discussion between the trial court and trial counsel:

THE COURT: At this time, the Court will hear objections to the Court's charge. Mr. Jones for the State?

[DISTRICT ATTORNEY]: Your Honor, I have no objection to the Court's charge.

THE COURT: Mr. McCool for the defendant.

[DEFENSE COUNSEL]: Your Honor, in reviewing the Court's charge, I would propose the following objections: Now comes David Michael McClure, the defendant in the above styled and numbered cause, and files this his objections to the Court's charge: That being that the charge fails to include a limiting instruction on the purpose for which the extraneous offense previously testified to on the State's case in chief by Curby Fickle involving an attempted murder for hire.

\* \* \* \* \* \*

THE COURT: Do you have a proposed instruction, Mr. McCool?

[DEFENSE COUNSEL]: I would propose that the evidence be limited to the sole purpose of intent.

\* \* \* \* \* \*

THE COURT: Mr. McCool, Mr. Jones, take a look at this and see. I think that is pretty close; but we will look at McClung's.

[DEFENSE COUNSEL]: Yeah, that is all right.

(Conference at bench out of the hearing of the reporter.)

THE COURT: Mr. McCool, I have corrected the charge, I think to meet your objections.

[DEFENSE COUNSEL]: Thank you, Your Honor.

The charge on extraneous offenses which was given to the jury is quoted in full hereinabove in the discussion of original points three and four.

The charge on the limited use of extraneous offense testimony did not deprive appellant of his right to trial by jury under U.S. CONST. amend. VI; therefore, supplemental point three is overruled. Nor did this charge deprive appellant of his right to trial by jury under TEX. CONST. art. I, § 15; therefore, supplemental point four is overruled. Nor did this charge deprive appellant of due pro-

cess under U.S. CONST. amend. XIV; therefore, supplemental point five is overruled. Nor did this charge deprive appellant of due course of law under TEX. CONST. art. I, § 19; therefore, supplemental point six is overruled.

### Lost or Missing Record Claim

Appellant claims in supplemental point seven that the "appellate record in this cause is missing two pages." The two pages which are identified in the supplemental brief are "page 236 in Volume II and page 1502 in Volume VII." The statement of facts furnished to this court contains those two pages.[6] The seventh supplemental point of error is overruled.

The judgment of the trial court is affirmed.

---

6. It would appear that these pages were missing from the copy of the statement of facts furnished to the district clerk for the use of the attorneys in preparation of their briefs; consequently, the clerk of this court has been directed to furnish certified copies of page 236 (Volume II) and of page 1502 (Volume VII) to the clerk of the district court, to appellant's retained attorney, and to the district attorney.