**Jerry Lee HOUSE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–93–179–CR.**

Court of Appeals of Texas,
Eastland.

July 14, 1994.

R.D. Rucker, Dallas, for appellant.

John C. Vance, Dist. Atty., Dallas, for appellee.

## OPINION

PER CURIAM.

### ON REMAND

On January 27, 1994, in an unpublished opinion, this court overruled all four of appellant's points of error.[1] The Court of Criminal Appeals vacated this court's judgment and remanded the cause for further consideration of appellant's argument (in his fourth point of error) that the evidence was factually insufficient to support his conviction of failure to stop and render aid after an accident.[2] *House v. State,* No. 0240–94 (Tex.Cr. App., May 18, 1994) (unpublished).

Appellant's fourth point of error states in full:

> The Evidence is *factually* insufficient to sustain the appellant's conviction where the State never proved appellant's knowledge of the collision. (Emphasis in original)

Appellant argues that, under the "factual-sufficiency" standard of review, the conviction must be reversed and that the cause must be remanded for a new trial because the State did not prove that appellant knew that the collision occurred. Appellant contends that, considering all of the evidence

presented, the verdict is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust because of the alternative reasonable hypothesis that he had no knowledge of the accident.

### Factual Challenge to the Sufficiency of the Evidence

This court recently declined to set aside a verdict based on a challenge to the "factual sufficiency" of the evidence. See *McClure v. State,* 879 S.W.2d 161 (Tex.App.—Eastland, 1994, no pet'n), where this court stated that a challenge to the factual sufficiency of the evidence was proper only as to issues on which the defendant had the burden of proof and persuasion. This court relied upon *Meraz v. State,* 785 S.W.2d 146 (Tex.Cr.App. 1990), where the Court of Criminal Appeals stated:

> In addition, the utilization of the standard of review constitutionally reserved for the courts of appeals and required by the Texas Supreme Court to be applied in situations where the burden of proof was on the individual claiming factual insufficiency does not impede a defendant from seeking a factual review relevant to his affirmative defense nor does it preclude him from a sufficiency review as to whether there was sufficient evidence to warrant a conviction. The two reviews are mutually exclusive.

\*      \*      \*      \*      \*      \*

> Moreover, when the courts of appeals are called upon to exercise their fact jurisdiction, that is, *examine whether the appellant proved his affirmative defense or other fact issue where the law has designated that the defendant has the burden of proof by a preponderance of evidence,* the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. (Emphasis added)

---

1. This appeal was transferred from the Dallas Court of Appeals to this court pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988).

2. TEX.REV.CIV.STAT.ANN. art. 6701d, § 38 (Vernon 1977).

The Austin Court of Appeals has held that factual sufficiency challenges are proper not only where the defendant has the burden of proof but also where the State has the burden of proving the elements of an offense. *Orona v. State*, 836 S.W.2d 319 (Tex.App.—Austin 1992, no pet'n); *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet'n ref'd, untimely filed). The Texarkana Court of Appeals has also held that the courts of appeals have the power to review factual sufficiency challenges to the proof of the elements of an offense. *Lisai v. State*, 875 S.W.2d 35 (Tex.App.—Texarkana 1994, pet'n pending).

Like this court, the Dallas Court of Appeals, both Houston Courts of Appeals, and the Fort Worth Court of Appeals have declined to extend *Meraz* to allow factual sufficiency review on the evidence of the elements of a conviction. *Clewis v. State*, 876 S.W.2d 428 (Tex.App.—Dallas, 1994, pet'n pending); *Smith v. State*, 874 S.W.2d 269 (Tex.App.—Houston [14th Dist.] 1994, pet'n pending); *Bynum v. State*, 874 S.W.2d 903 (Tex.App.—Houston [1st Dist.] 1994, pet'n ref'd); *Crouch v. State*, 858 S.W.2d 599 (Tex.App.—Fort Worth 1993, pet'n ref'd). All of these courts agree that "factual sufficiency" challenges in criminal cases are limited to affirmative defenses and other issues where the defendant has the burden of proof; consequently, a challenge to the sufficiency of the evidence to support the elements of the conviction is reviewed under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In his fourth point, appellant does not challenge an issue on which he had the burden of proof. Appellant challenges the State's proof of an element of the offense.

### Evidence Presented

We note, however, that the evidence presented is both legally and factually sufficient to support the conviction. Appellant bases his "reasonable hypothesis" on the testimony that the victim was bending down when he was hit, that the passenger-side mirror on appellant's vehicle was "pushed back towards the ... passenger window," that appellant never tried to straighten the mirror after the accident, and that appellant testified that he and his wife were both unaware that the mirror had hit anyone. Appellant argues that this evidence indicated behavior consistent with a lack of knowledge of the accident and inconsistent with guilt of the offense and, therefore, that the conviction is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. We disagree.

In addition to the evidence relied on by appellant, there was testimony that the victim was struck with sufficient force that it threw him onto the hood of his vehicle; that his vehicle was parked on the shoulder of the highway with its hazard lights flashing; that a "loud pop" or "loud thump" was heard by witnesses nearby when appellant's car made contact with the victim; that appellant told the police officer that stopped him that he thought he had hit a bump in the road; that appellant's eyes were bloodshot and watery; and that he smelled of alcohol. The trial court, as trier of fact, could have reasonably concluded that appellant, despite his denial, was aware that he had hit the victim. We disagree that the trial court's verdict was so contrary to the overwhelming weight of the evidence as to be manifestly unjust and wrong. The fourth point of error is overruled.

The judgment of the trial court is affirmed.