**Nancy Jane STREFF, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–93–144–CR.**

Court of Appeals of Texas, Eastland.

Nov. 3, 1994.

---

Randy Taylor, Dallas, for appellant.

Galen Ray Sumrow, Crim. Dist. Atty., Craig Stoddart, Asst. Crim. Dist. Atty., Rockwall, for appellee.

Opinion·

McCLOUD, Chief Justice.

The jury found appellant guilty of the felony offense of driving while intoxicated; and the court assessed punishment at confinement for three years, which was probated, and a fine of $1,000. We affirm.

In her first point of error, appellant challenges the sufficiency of the evidence because of a variance between the sequence of prior offenses as alleged in the indictment and the evidence at trial. Appellant argues that the indictment and the court's charge required the State to prove the prior offenses as sequential.

The indictment alleged that, prior to committing the offense in this case, appellant was convicted of driving while intoxicated in Cause No. MB–87–58349–J on September 6, 1988. The indictment also alleged that, prior to the commission of the offense in Cause No. MB–87–58349–J, appellant was convicted of driving while intoxicated on November 18, 1986, in Cause No. MB–86–34611–J. The evidence at trial showed that appellant was placed on probation in Cause No. MB–86–34611–J. Appellant's probation was revoked on September 6, 1988. Appellant argues that her two prior convictions became final on September 6, 1988, citing *Lopez v. State*, 805 S.W.2d 882, 885 (Tex.App.—Corpus Christi 1991, no pet'n).

We agree with appellant's assertion that the allegations as contained in the indictment are sequential even though that is not required by TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(e) (Vernon Supp.1994). See *Peck v. State*, 753 S.W.2d 811, 812 (Tex. App.—Austin 1988, pet'n ref'd). Nonetheless, we measure the sufficiency of the evidence against the jury charge that was given. *Harrell v. State*, 852 S.W.2d 521, 524 (Tex. Cr.App.1993). The paragraph of the charge which applied the law to the facts authorized the jury to convict appellant if the jury found the following:

[I]f you find from the evidence beyond a reasonable doubt that on or about the 20th day of October, 1990 ... the [appellant] ... was intoxicated and that while intoxicated she drove or operated a motor vehicle in a public place, to-wit, on a public road ... and if you further find from the evidence ... that the [appellant], previously thereto, had been twice convicted of the offense of being intoxicated while driving or operating a motor vehicle in a public place, to-wit:

(1) On the 6th day of September, 1988 in Cause No. MB–87–58349–J . . . and

(2) On the 18th day of November, 1986 in Cause No. MB–86–34611–J . . .

*as alleged in the indictment,* then you will find the [appellant] guilty of the felony offense as alleged in the indictment. (Emphasis added)

We disagree with appellant's contention that the language "as alleged in the indictment" requires the State to prove that appellant was convicted in Cause No. MB–86–34611–J prior to the commission of the offense in Cause No. MB–87–58349–J. We hold that such language refers to the prior offenses contained in the indictment.

 Furthermore, a mere or slight variance between what was alleged and what was proved is no longer sufficient to render the evidence insufficient. *Human v. State,* 749 S.W.2d 832, 836 (Tex.Cr.App.1988); *Plessinger v. State,* 536 S.W.2d 380, 381 (Tex.Cr. App.1976). A variance between the pleadings and proof must be both material and prejudicial to the defendant before the conviction or punishment will be reversed. Human v. State, supra at 837. We hold that the variance in this case is neither material nor prejudicial. Appellant's first point of error is overruled.

 In her second point of error, appellant contends that the evidence is "factually insufficient" to show that she was intoxicated. Appellant cites *Stone v. State,* 823 S.W.2d 375, 377 (Tex.App.—Austin 1992, pet'n ref'd, untimely filed), and *Orona v. State,* 836 S.W.2d 319, 321 (Tex.App.—Austin 1992, no pet'n), to support her contention. This court has recently held that a factual insufficiency review is not proper when a defendant is

challenging the sufficiency of the evidence to support the proof of the "elements" of an offense. See *House v. State,* 880 S.W.2d 512, 513 (Tex.App.—Eastland 1994, pet'n filed); *McClure v. State,* 879 S.W.2d 161, 165 (Tex. App.—Eastland 1994, pet'n filed). Factual insufficiency challenges are limited to affirmative defenses and to other issues where the defendant has the burden of proof. *Meraz v. State,* 785 S.W.2d 146 (Tex.Cr.App. 1990); *House v. State, supra; McClure v. State, supra.*[1] Appellant's second point of error challenges the State's proof of an element of the offense, an issue on which she did not have the burden of proof.

Appellant contends that the evidence was factually insufficient because of her testimony that she had only three and one-half drinks during the evening and because of the testimony of Sherline Lance, a passenger in the car with appellant. Lance stated that she had been drinking with appellant earlier in the evening and that, in her opinion, appellant was not intoxicated. Appellant further argues that the evidence was factually insufficient because there was no breath test and because the jury did not have the benefit of a DWI video from the Rockwall County Jail.

 Heath Police Officer Mark Poindexter testified that appellant ran off of the roadway on the right hand side about four times and that she crossed over the center line into the oncoming lane of traffic about five times. Officer Poindexter also testified that appellant had to catch herself to keep from falling down when she got out of her vehicle and that she staggered as she walked towards him. Appellant had slurred speech, the odor of alcohol upon her breath, and bloodshot and glassy eyes. Appellant was unable to pass the "heel to toe" field sobriety test, and

1. The Dallas Court of Appeals, both Houston Courts of Appeals, and the Fort Worth Court of Appeals have declined to extend *Meraz* to allow a factual sufficiency review on the evidence of the elements of a conviction. *Clewis v. State,* 876 S.W.2d 428 (Tex.App.—Dallas 1994, pet'n granted); *Smith v. State,* 874 S.W.2d 269 (Tex.App.— Houston [14th Dist.] 1994, pet'n ref'd); *Bynum v. State,* 874 S.W.2d 903 (Tex.App.—Houston [1st Dist.] 1994, pet'n ref'd); *Crouch v. State,* 858

S.W.2d 599 (Tex.App.—Fort Worth 1993, pet'n ref'd). Both the Texarkana Court of Appeals and the Austin Court of Appeals have extended *Meraz* to allow factual sufficiency review of the elements of an offense. *Lisai v. State,* 875 S.W.2d 35 (Tex.App.—Texarkana 1994, pet'n ref'd); *Orona v. State,* 836 S.W.2d 319 (Tex.App.—Austin 1992, no pet'n); *Stone v. State, supra.* In *House* and *McClure,* we declined to follow the Texarkana and Austin Courts of Appeals.

she was unable to perform the horizontal gaze nystagmus test.

■ The evidence is sufficient to support the conviction when viewed in the light most favorable to the verdict, the proper standard of review under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991). Furthermore, in the event that appellant is entitled to a factual sufficiency review, we hold that, after reviewing all of the evidence, the evidence is factually sufficient to support the conviction. The verdict was not so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellant's second point of error is overruled.

Appellant's third point of error is based on a sidebar comment made by the prosecutor. The record reflects the following exchange between the State and appellant:

[PROSECUTOR]: Why is it that the officer would just select you out and pick on you and not lie and make up a story about the female you were with? Why would they do that?

[APPELLANT]: I have no idea.

[PROSECUTOR]: Neither do I.

Appellant objected to the sidebar remark, and the court sustained the objection. The trial court then instructed the jury to disregard the remark. Appellant's request for a mistrial was denied.

■ Generally, an instruction to disregard will cure an objectionable comment. See *Cooks v. State,* 844 S.W.2d 697, 727 (Tex.Cr.App.1992), *cert. den'd,* — U.S. —, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). Unless the comment is so inflammatory that its prejudicial effect cannot reasonably be removed by the admonishment, reversal is not proper. *Cooks v. State, supra; Kinnamon v. State,* 791 S.W.2d 84, 89 (Tex.Cr.App.1990); *McDuffie v. State,* 854 S.W.2d 195, 208 (Tex. App.—Beaumont 1993, pet'n ref'd). Although it was improper, the prosecutor's comment was not "blatantly repugnant con-

duct" as appellant argues. We hold that, in light of the record as a whole, the prosecutor's comment was not so inflammatory that its prejudicial effect could not be cured by the trial court's admonishment. Appellant's third point of error is overruled.

In the fourth point, appellant contends that the trial court erred in admitting an audiotape recording of the events at the traffic stop and at the jail. The record reflects that appellant made a motion to exclude the audiotape. On cross-examination of Officer Poindexter, appellant referred to the tape. When cross-examining the officer about the tape, appellant asked if the officer was "hiding evidence" and if he wanted appellant "to get a fair trial." On re-direct, the State introduced the tape on the grounds that appellant "opened the door." Over appellant's objection, the trial court admitted the tape into evidence. The record reflects that the jury was first given the opportunity to listen to the tape during jury deliberations. There is nothing in the record, however, to show that the jury in fact listened to the tape.

■ Appellant argues that the tape was inadmissible because the State failed to establish the accuracy of the recording as required by TEX.CODE CRIM.PRO.ANN. art. 38.22, § 3(a)(3) (Vernon Supp.1994). The State argues that appellant's objection was insufficient to preserve error. While appellant's objection was vague, we find that it was sufficient to preserve the issue for review. See *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Cr.App.1992). However, we disagree with appellant's contention that the tape was inadmissible.

■ Once a matter is introduced into a proceeding, evidence to fully explain the matter is admissible even though such evidence might not otherwise be admissible. *Hughes v. State,* 850 S.W.2d 260, 263 (Tex. App.—Fort Worth 1993, pet'n ref'd), citing *Parr v. State,* 557 S.W.2d 99, 102 (Tex.Cr. App.1977). The State may introduce evidence that might otherwise be inadmissible when the defendant "opens the door" on an

issue by attempting to present an incomplete picture of an incident. See *Lucas v. State,* 479 S.W.2d 314 (Tex.Cr.App.1972); *Green v. State,* 831 S.W.2d 89 (Tex.App.—Corpus Christi 1992, no pet'n). Appellant's cross-examination of the officer about the tape left the jury with the impression that there was evidence favorable to appellant and that the State was preventing appellant from receiving a "fair trial" by attempting to "hide" such evidence. We hold that appellant opened the door to the introduction of the tape. TEX. R.CRIM.EVID. 107. Accordingly, the trial court did not err in admitting the tape. Moreover, the record reflects that just prior to making the tape available to the jury, the court stated: "Counsel, you've both indicated that you'd like for the Jury to play that tape." The court then instructed the attorneys to show the jury how to work the tape recorder. Counsel may not complain on appeal of evidence that was introduced at his request. Appellant's fourth point is overruled.

In her fifth point of error, appellant complains that the trial court erred in overruling her objection during the State's cross-examination of her:

Q: Ma'am, you heard Officer Poindexter's testimony?

A: Yes, sir.

Q: And you heard Officer Smith's testimony?

A: Yes, sir.

Q: Was Officer Poindexter lying when he came in here and testified?

\*　　\*　　\*　　\*　　\*　　\*

A: I believe parts of his testimony were not true and accurate.

Appellant argues that the cross-examination invaded the province of the jury. The prosecutor's question was argumentative and improper. However, a reversal is not warranted.

The scope of cross-examination is within the control of the trial judge in the exercise of sound discretion. *Reyes v. State,* 741 S.W.2d 414, 421 (Tex.Cr.App.1987); *Fuentes v. State,* 832 S.W.2d 635, 638 (Tex. App.—Houston [14th Dist.] 1992, pet'n ref'd). When he takes the stand, a defendant subjects himself to any legitimate cross-examination within the rules of evidence. *Reyes v. State, supra; Bustillos v. State,* 464 S.W.2d 118 (Tex.Cr.App.1971).

In *Salcido v. State,* 342 S.W.2d 760, 761 (Tex.Cr.App.1961), the defendant complained that the State improperly cross-examined him by asking if he was telling the jury that the police officer lied. The trial court overruled the defendant's objection. The court held that the error was harmless even though the objection should have been sustained. In *Creech v. State,* 329 S.W.2d 290, 291 (Tex.Cr.App.1959), the defendant was asked on cross-examination whether he would say that the officer was lying. The court held that the prosecutor's question was improper but noted:

> [W]hen the appellant said that the officer was lying, he was merely saying that his version of the affair was correct and that of the officer incorrect. We see nothing in such answer which would tend to bring him into disrepute with the jury.

In reviewing the record, we find that the testimony of appellant conflicted with that of Officer Poindexter. The officer testified that appellant made a sexual comment; appellant testified that she made no sexual advances toward the officer. Appellant testified that she never mentioned anything about a "murder"; Officer Poindexter testified that appellant said something about a murder. Officer Poindexter testified that he advised appellant that he was recording their conversations; appellant testified that she was never advised of the recording. Officer Poindexter testified that appellant had lost the normal use of her mental and physical faculties; appellant testified that she had not lost such use.

Given the contradicting testimonies, the error was harmless. Beyond a reasonable doubt, the question made no contribution to

either the conviction or the punishment. TEX.R.APP.P. 81(b)(2); *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Cr.App.1989). Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.