**Manuel MARES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–93–364–CR.**

Court of Appeals of Texas, Eastland.

June 22, 1995.

Order Overruling Motion for Rehearing July 20, 1995.

Discretionary Review Refused Oct. 18, 1995.

---

Stan Brown, Abilene, for appellant.

Nelda Williams, Appellate Section, Crim. Dist. Atty.'s Office, Abilene, James Eidson, Crim. Dist. Atty., Abilene, for appellee.

PER CURIAM.

The jury convicted appellant of the murder of James Melendez, a high school honor student. The jury found that the allegations in two enhancement paragraphs were true and assessed punishment at life imprisonment. We affirm.

■ In his first point of error, appellant challenges the sufficiency of the evidence. Specifically, appellant argues that the evidence is insufficient to show he fired the fatal shot. Appellant also argues that there is insufficient evidence showing that he intentionally or knowingly caused the death or that he had an intent to cause serious bodily injury to the victim. In reviewing a challenge to the sufficiency of the evidence, we must review all the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex. Cr.App.1991).

The record reflects that Ricardo (Rica) Renteria and Douglas Eugene Hall had been in a fight at a mall several weeks earlier prior to the shooting. The victim had taken no part in this previous altercation but there was still some hostility between Renteria and Hall.

The shooting took place at the intersection of North 10th and Winters Freeway in Abilene. Appellant, Renteria, and three others were in a station wagon which came to a stop at the intersection. Hall drove the car that stopped behind the station wagon. The victim was a passenger in Hall's car. Renteria recognized Hall, jumped out of the station wagon, and approached the driver's side of Hall's car. Appellant and Carlos Daniel Bordayo also jumped out of the station wagon and walked back towards the passenger's side of the car. Hall attempted to flee by backing up. He turned the car and struck Renteria, knocking him down. Appellant then fired one shot at the passenger's side of the fleeing vehicle. The bullet struck the victim in the head, and killed him. The fatal projectile was a .38 caliber copper bullet.

Renteria, Bordayo, and Robert Gomez testified for the State. Renteria testified that he got out of the station wagon because "[he] wanted to fight Doug [Hall]." He went to the driver's side of Hall's car while appellant and Bordayo went to the passenger side. Renteria stated that the front of Hall's car swerved towards him, causing him to drop his gun. As he was kneeling down to pick it up, he heard a gunshot and then started running. He did not see who fired the shot.

Renteria also testified that he had a .9 millimeter pistol and that appellant was the only other person with a gun. Renteria stated that he could not have fired the shot because he was on the ground by the driver's side of the car. Renteria also made a statement to the police that:

> [Appellant] had his .38 snub-nosed. The last time I had seen it was about ten minutes before we left Albert's and Pete had it but he must have given it to [appellant].

On direct and re-direct, Renteria stated that he had seen appellant pick up the .38 caliber pistol. Renteria also testified that, after the shooting, appellant stated something in Spanish to the effect that "he had got one".

Bordayo testified that he approached the passenger's side of Hall's car and that he heard the shot come from behind him. When he turned to run, Bordayo saw appellant and appellant's brother running ahead of him. Bordayo could not identify appellant as the shooter. Gomez, the driver of the station wagon, testified that he could not identify appellant as the shooter. However, Gomez made a statement to the police that "[appellant] got out and he just shot."

Hall testified that the doors of the station wagon "flew open" and that people started to come towards his car. When he recognized Renteria, Hall backed the car up and swerved towards Renteria. He thought that he had hit Renteria with the front of the car and had knocked him down. At that point, Hall heard one shot and saw that the victim had been hit in the head. The bullet came through the front window on the passenger's side. Hall then sped away and found a police officer to escort them to the hospital.

Daniel Benton, another occupant of Hall's car, testified that he saw one person approach the driver's side and two others approach the passenger's side. Benton remembered Hall putting the car in reverse and then he heard a gunshot. Benton told police that:

> I saw three guys running at the car. The one I saw the best was running on [the victim's] side as the car was backing up. He was a Mexican, kind of small. He had a dark colored cap and a white shirt. He also had a mustache. He looked like he was pointing a gun with both hands. All I could tell is that it was something black.

Benton testified that he was not sure about the gun because he quickly ducked down behind the front seat when the commotion started. Abilene Police Officer Bradly McGary agreed that appellant did not match Benton's description of the shooter.

■ As the trier of fact, the jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. TEX.CODE CRIM.PRO.ANN. art. 38.04 (Vernon 1979). The jury could accept portions of a witness' testimony and reject other portions. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Cr.App.1982). The evidence is sufficient to support appellant's conviction. Direct evidence of culpability is not necessary to support a conviction; intent or knowledge may be inferred from the acts and circumstances surrounding a crime. *Hernandez v. State*, 819 S.W.2d 806, 809–10 (Tex.Cr.App. 1991). After reviewing all of the evidence, we hold that a rational trier of fact could have found appellant guilty of murder be-yond a reasonable doubt. Appellant's first point of error is overruled.

■ In his second point of error, appellant claims that he was entitled to a jury charge on the lesser-included offense of reckless conduct. We disagree.

■ An accused is entitled to a charge on a lesser-included offense if the lesser offense is included within the proof necessary to establish the offense charged and there is some evidence in the record that would permit a jury to rationally find that, if appellant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Cr.App.1993). This is true regardless of whether such evidence is strong or weak or unimpeached or contradicted and regardless of what the trial court may or may not think about the credibility of the evidence. *Bartholomew v. State*, 871 S.W.2d 210 (Tex.Cr.App.1994); *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Cr.App.1987). Whether an offense is a lesser-included offense of the charged offense requires a case-by-case determination. *Mello v. State*, 806 S.W.2d 875, 878 (Tex.App.—Eastland 1991, pet'n ref'd).

Appellant did not testify. Appellant contends that the following testimony of Bordayo on cross-examination raises the issue of reckless conduct:

Q. There was a lot of commotion going on out there, wasn't there?

A. Yes, there was.

Q. And you were scared. Do you know whether—or did you hear any noises, any sounds, any—anything being said by anybody indicating anybody else was scared?

A. Right. Everybody was scared but I didn't hear anybody else talk.

Q. But you said everybody was scared?

A. Yeah. I think so. Everybody was running after the shot.

Q. As far as you know, whoever fired that shot that you heard, under all of those circumstances, did it look to you like, in thinking back, would it appear to you that it had been fired to scare the people in the car?

A. I don't know.

Q. In the white car?

A. I don't know.

Q. You think that's a possibility?

A. It could have been a possibility, yes.

Appellant asserts that Bordayo's agreement to the possibility that appellant may have been merely firing the shot as a warning raised the issue of reckless conduct.

Appellant was indicted, tried, and convicted under a charge of murder. TEX.PENAL CODE ANN. § 19.02 (Vernon 1994) provides that a person commits an offense if he intentionally or knowingly causes the death of an individual or if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. Murder is a felony of the first degree. In contrast, under TEX.PENAL CODE ANN. § 22.05 (Vernon 1994), a person commits the offense of reckless conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. Reckless conduct is a Class A misdemeanor. Section 22.05 covers intent which falls short of harming another: that is, although no physical harm results, the acts are highly dangerous. Unlike murder, the crime of reckless conduct does not require intent or physical harm.

Regardless of the reference by Bordayo to the possibility of a warning shot, the evidence clearly shows that appellant's intentional conduct went well beyond reckless conduct: the victim died and appellant stated that "he had got one." Under the facts of this case, we do not find that reckless conduct is a lesser-included offense of murder. See *Ross v. State*, 861 S.W.2d 870 (Tex.Cr.App.1993); *Gilmore v. State*, 871 S.W.2d 848 (Tex.App.—Houston [14th Dist.] 1994, no pet'n); *Scott v. State*, 861 S.W.2d 440 (Tex. App.—Austin 1993, no pet'n); *Mock v. State*, 848 S.W.2d 215 (Tex.App.—El Paso 1992, pet'n ref'd). The second point of error is overruled.

■ In his final point of error, appellant claims that he was entitled to two separate jury verdict forms because the jury charge offered two alternative theories of murder. Appellant argues that the single jury verdict form allowed the jury to convict on less than a unanimous verdict. In other words, several jurors could have decided guilt based on the first theory while other jurors could have decided guilt based on the second theory.

The jury charge reads as follows:

[D]id then and there intentionally and knowingly cause the death of an individual, namely JAMES MELENDEZ, by shooting him in the head with a deadly weapon, to-wit: a handgun, as alleged in paragraph one of the indictment; *or . . .*

[D]id then and there intentionally and knowingly, with intent to cause serious bodily injury to an individual, namely JAMES MELENDEZ, commit an act clearly dangerous to human life, to-wit: the said MANUEL MARES did then and there fire a handgun into a vehicle which was occupied by the said JAMES MELENDEZ, thereby causing the death of the said JAMES MELENDEZ . . .

[T]hen you will find the Defendant guilty of murder. (Emphasis added)

The court's charge instructed the jury that a verdict under either paragraph must be unanimous. Such a charge is proper. See *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Cr.App.1991). Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.

*On Appellant's Motion for Rehearing*

Appellant has filed in this court a motion for rehearing raising two points of error. His first point challenges the factual, as opposed to the legal, sufficiency of the evidence. In the second point, appellant contends that this court failed to apply the correct standard in determining whether the trial court erred when it refused to instruct the jury on reckless conduct as a lesser included offense. We overrule both points.

■ Appellant has not challenged the factual sufficiency of the evidence until his motion for rehearing; therefore, he has failed to timely present this argument. Moreover, in *Streff v. State*, 890 S.W.2d 815 (Tex.App.—Eastland 1994, pet'n filed); *House v. State*, 880 S.W.2d 512 (Tex.App.—Eastland 1994, pet'n filed); and *McClure v.*

*State*, 879 S.W.2d 161 (Tex.App.—Eastland 1994, pet'n filed), this court held that factual insufficiency challenges are limited to affirmative defenses and to other issues where the defendant has the burden of proof and declined to extend the holding in *Meraz v. State*, 785 S.W.2d 146 (Tex.Cr.App.1990), to include factual sufficiency challenges to elements of the offense.[1] As stated in our original opinion, under the test in *Rousseau v. State*, 855 S.W.2d 666 (Tex.Cr.App.1993), reckless conduct is not a lesser included offense under the facts of this case.

Appellant's motion for rehearing is overruled.

---

1. The Dallas Court of Appeals, both Houston Courts of Appeals, and the Fort Worth Court of Appeals have declined to extend *Meraz* to allow a factual sufficiency review on the evidence of the elements of a conviction. *Clewis v. State*, 876 S.W.2d 428 (Tex.App.—Dallas 1994, pet'n granted); *Smith v. State*, 874 S.W.2d 269 (Tex.App.—Houston [14th Dist.] 1994, pet'n ref'd); *Bynum v. State*, 874 S.W.2d 903 (Tex.App.—Houston [1st Dist.] 1994, pet'n ref'd); *Crouch v. State*, 858 S.W.2d 599 (Tex.App.—Fort Worth 1993, pet'n ref'd). Both the Texarkana Court of Appeals and the Austin Court of Appeals have extended *Meraz* to allow factual sufficiency review of the elements of an offense. *Lisai v. State*, 875 S.W.2d 35 (Tex.App.—Texarkana 1994, pet'n ref'd); *Orona v. State*, 836 S.W.2d 319 (Tex.App.—Austin 1992, no pet'n); *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet'n ref'd, untimely filed).